USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

477 WEST 142ND STREET HOUSING
DEVELOPMENT FUND CORP.,

                  Debtor.

DR. QUEEN MOTHER DELOIS BLAKELY,

                  Appellant,

      - against -

GREGORY M. MESSER,

                  Appellee.

18-cv-6264 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The appellant, one of five shareholders of 477 West 142nd Street Housing Development Fund Corp. ("the debtor"), appeals the bankruptcy court's denial of her motion to vacate the sale of property. For the reasons explained below, the appellant's appeal is **dismissed**.

I.

The debtor owned an apartment building located at 477 West 142nd Street, New York, New York ("the Property"). Appellee Br. Ex. A at 4. In August 2015, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Id. at 2. The debtor continued in possession of the Property until Gregory M. Messer, the appellee, was appointed as the Chapter 11 Trustee.

Id. A final reorganization plan ("the Plan"), which was supported by all shareholders except the appellant, was filed by a secured creditor and ultimately confirmed by the bankruptcy court in a December 4, 2017 order. See id. at 5, 9-14. In accordance with the Plan, the Property was sold and transferred to the plan funder's designee under 11 U.S.C. § 1129. Id. at 9.

On May 11, 2018, months after the Property was sold, the appellant filed a motion to vacate the sale. Bankr. Dkt. No. 177. The bankruptcy court denied the motion in a June 11, 2018 order. Bankr. Dkt. No. 186. The appellant filed a notice of appeal from that order on June 20.

Under Federal Rule of Bankruptcy Procedure 8009(a)(1), (b)(1), the appellant was required to file by July 5, 2018 her designation of items to be included in the record on appeal, a statement of the issues on appeal, and the transcripts of relevant bankruptcy court proceedings. The appellant sought an extension of time to file this Rule 8009 material, and the bankruptcy court granted the request, providing the appellant until August 6, 2018 to do so. Appellee Br. Ex. B. The appellant requested a second extension, this time until September 15, 2018, but the bankruptcy court denied the request because the appellant did not establish exigent circumstances warranting another extension. Appellee Br. Ex. C. The appellant did not

file her Rule 8009 material by the August 6 deadline, and still has not filed it.[1]

The appellee contends that this appeal must be dismissed because (1) it is an impermissible collateral attack on the bankruptcy court's order confirming the Plan, and (2) the appellant did not meet her obligations under Federal Rule of Bankruptcy Procedure 8009.

## II.

The Court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003).

The appellant cannot attack collaterally the Property's sale in this appeal. The appellant raises issues that were resolved in the bankruptcy court's December 4, 2017 order confirming the Plan and authorizing the sale of the Property. However, the appellant did not timely appeal that order. See Fed. R. Bankr. P. 8002(a), (d)(2)(F) (providing fourteen days to appeal an 11 U.S.C. § 1129 order and forbidding bankruptcy courts from granting an extension). The appellant cannot attack the bankruptcy court's December 4, 2017 order collaterally by appealing the bankruptcy court's denial of a separate motion she filed in May 2018. Cf. Semi-Tech Litig., LLC v. Bankers Tr. Co.,

---

[1] The appellant did, however, include a statement of the issues on appeal in her brief filed in this Court on September 4, 2018.

272 F. Supp. 2d 319, 324 (S.D.N.Y. 2003) ("A collateral attack may be foreclosed by principles of former adjudication provided the party mounting the challenge was subject to the personal jurisdiction of the Bankruptcy Court and, despite notice of and an opportunity to challenge the Confirmation Order, failed to appeal from it.").

Moreover, this appeal must be dismissed as moot. The appellant neither timely appealed the bankruptcy court's December 4, 2017 order nor obtained a stay of the Property's sale. The appellee closed on the sale of the Property to a purchaser who the bankruptcy court found to be a good-faith purchaser. This sale cannot be undone here. See 11 U.S.C. § 363(m) ("The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease under such authorization . . . unless such authorization and such sale or lease were stayed pending appeal.").

The appellant's appeal must also be dismissed because she has not demonstrated "excusable neglect" regarding her failure to provide the material required by Federal Rule of Bankruptcy Procedure 8009. In re 199 E. 7th St. LLC, No. 17cv545, 2017 WL 2226592, at *1 (S.D.N.Y. May 19, 2017) ("If an appellant fails to file a Designation and Statement on time, [she] must demonstrate 'excusable neglect' to avoid dismissal of [her]

appeal."). After the bankruptcy court granted the appellant's first request for an extension, the appellant was required to file this material by August 6, 2018. However, the appellant still has not provided all of the material required by Rule 8009, and has not offered an explanation for her failure to do so.

Finally, although the appellant summarily raises issues related to the merits of the bankruptcy court's December 4, 2017 order, there is nothing in the appellant's briefs calling the bankruptcy court's conclusions into question.

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the appellant's appeal from the bankruptcy court's denial of her motion to vacate the sale of the Property is **dismissed**. The Clerk is directed to close this case.

**SO ORDERED.**

Dated:    **New York, New York**
          **November 6, 2018**


          _____
                  **John G. Koeltl**
          **United States District Judge**